UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | No. 1:21-cr-184-BAH |
| JAMES ALLEN MELS | |

## JOINT PRETRIAL STATEMENT

Pursuant to the Court's March 3, 2021, Standing Order and May 9, 2022, Minute Order, the parties submit this Joint Pretrial Statement.

**1.  Status of Plea Offer**

(i) The government extended a formal plea offer to the defendant on July 8, 2021, in a written proposed plea agreement and an accompanying statement of offense. After multiple extensions, the plea offer lapsed March 28, 2022.  The terms of the offer were as follows: Mr. Mels would plead guilty to Count Four of the Information, charging him client with Parading, Demonstrating, or Picketing in a Capitol Building, in violation of Title 40, United States Code, Section 5104(e)(2)(G); and the government would move to dismiss all remaining counts of the Information at sentencing.

(ii) This case was transferred to undersigned defense counsel in mid-March, 2022, when prior counsel, Cara Halverson left the Office of the Federal Public Defender. Notes in the file reflect that Ms. Halverson she had several discussions with Mr. Mels about the plea offer after it was communicated in July, 2021. When undersigned counsel took over, the government indicated it would informally extend the offer. Undersigned counsel had discussions about the plea offer with

Mr. Mels on or about March 23, April 5, May 12, and June 21. The plea offer has been rejected

2. **Joint Statement of the Case**

This is a criminal case. The defendant in this case, James Allen Mels, is charged with four crimes relating to his conduct in and near the United States Capitol Building on January 6, 2021. Count One charges the defendant with Entering and Remaining in a Restricted Building or Grounds; Count Two charges the defendant with Disorderly and Disruptive Conduct in a Restricted Building or Grounds; Count Three charges the defendant with Disorderly Conduct in a Capitol Building or Grounds; and Count Four charges the defendant with Parading, Demonstrating, or Picketing in a Capitol Building. The defendant has pleaded not guilty to all charges and is presumed innocent.

3. **Proposed *Voir Dire* Questions**

A set of proposed *voir dire* questions is attached hereto as Exhibit 1. The parties agree on all of the proposed *voir dire* questions.

The defense has requested a juror questionnaire be given in addition to *voir dire*. *See* Dkt. 52. The government opposes a questionnaire.

4. **Proposed Jury Instructions**

A set of proposed jury instructions is attached hereto as Exhibit 2. As indicated therein, the parties agree on all of the proposed instructions except the definitions of "disorderly and disruptive conduct" and "willfully," and a portion of the instruction related to statements of the defendant. The defense reserves the right to submit a defense theory of the case instruction.

5. **Expert Witnesses**

Neither the government nor the defendant expect to call any expert witnesses in this case.

6.  **List of Pretrial Motions and Motions *in Limine***

    ### By the Government

    a)  Unopposed Motion *in Limine* Regarding Cross-Examination of U.S. Secret Service Witness. (Dkt. 44).
        *Status*: Granted. (Dkt. 6/11/22 Minute Order).

    b)  Unopposed Motion *in Limine* Regarding Evidence about Specific Locations of U.S. Capitol Police Surveillance Cameras.
        *Status*: Granted. (Dkt. 6/11/22 Minute Order).

    c)  United States' Motion *in Limine* to Preclude Improper Defense Arguments and Evidence about Law Enforcement. (Dkt. 46).
        *Status*: Defense Response filed. (Dkt. 49).
        Government's Reply filed. (Dkt. 57).

    ### By the Defendant

    d)  Motion for a Bill of Particulars. (Dkt. 41).
        *Status*: Government's Response in Opposition. (Dkt.50).
        Defense Reply and Motion to Exclude. (Dkt. 55).

    e)  Motion to Transfer Venue (Dkt. 42).
        *Status*: Government's Response in Opposition. (Dkt. 48).
        Defendant's Reply and Request for Jury Questionnaire. (Dkt. 54).

    f)  Motion to Dismiss Counts One and Two. (Dkt. 43)
        *Status*: Government's Response in Opposition. (Dkt. 47).
        Notice of No Reply filed. (Dkt. 53).

    g)  Motion to Dismiss Count Four
        *Status*: Motion to be filed by 6/28/2022. (*See* Dkt. 6/27/22 Minute Order).
        Government's Opposition due 7/13/2022.
        Defendant's Reply due 7/15/2022.

7.  **Prior Convictions**

On January 21, 1994, the defendant was sentenced to three years' probation for bank fraud pursuant to a guilty plea. The government intends to use this conviction as impeachment evidence if the defendant testifies, and to rebut any character evidence offered by defense witnesses.

The defense objects to impeachment by Mr. Mels's almost thirty-year old conviction should he exercise his constitutional right to testify. Under Federal Rule of Evidence 609 (b), if more than 10 years have passed since the witness's conviction or release from confinement, whichever is later, evidence of a prior conviction is admissible only if "its probative value, supported by facts and circumstances, substantially outweighs its prejudicial effect." Moreover, Rule 609 creates a more stringent standard for admission of convictions of against a defendant. *See United States v. Tse*, 375 F.3d at 148, 163 (1st. Cir. ("the standard for the admission of prior convictions of the accused is stricter than the standard for the admission of prior convictions of government witnesses. These distinctions recognize that the potential prejudice to the defendant from the admission of prior convictions is simply not the same as the potential prejudice to a government witness.").

Mr. Mels's decades-old bank fraud conviction will do little to shed light on his character for truthfulness regarding the charges in this case. *See United States v. Rosales*, 680 F.2d 1304, 1306–07 (10th Cir. 1981) (excluding convictions for forgery, burglary, conspiracy, illegal possession of a firearm, and violation of narcotics laws as "not normally suggest[ive of] the special probative value on the issue of credibility contemplated by Fed. R. Evid. 609(a)(1)"). But impeachment by the old conviction will be substantially more prejudicial than probative. Therefore, under Rule 609, the government should not be permitted to impeach him with his prior decades-old conviction.

8. **Government's Exhibit List**

The government's exhibit list is attached hereto as Exhibit 3.

9.   **Stipulations**

The parties expect that they will enter into three stipulations, which are attached hereto as Exhibit 4.

10.   **Proposed Verdict Form**

A proposed verdict form is included at the end of the proposed jury instructions, which are attached hereto as Exhibit 2.

| | |
|---|---|
| MATTHEW M. GRAVES<br>UNITED STATES ATTORNEY<br>D.C. Bar No. 481 052 | A.J. KRAMER<br>FEDERAL PUBLIC DEFNDER |
| */s/ Douglas B. Brasher*<br>DOUGLAS B. BRASHER<br>Assistant United States Attorney<br>Texas State Bar No. 24077601<br>1100 Commerce Street, Third Floor<br>Dallas, Texas 75242-1699<br>Telephone:  214-659-8604<br>douglas.brasher@usdoj.gov | /s/ *Elizabeth Mullin*<br>ELIZABETH MULLIN<br>Assistant Federal Public Defender<br>Office of the Federal Public Defender<br>  for the District of Columbia<br>625 Indiana Avenue, N.W.<br>Washington, D.C. 20004<br>Elizabeth_Mullin@fd.org |
| */s/ Francesco Valentini*<br>FRANCESCO VALENTINI<br>D.C. Bar No. 986769<br>Trial Attorney<br>United States Department of Justice,<br>Criminal Division<br>Detailed to the D.C. U.S. Attorney's Office<br>601 D Street NW<br>Washington, D.C. 20530<br>(202) 598-2337<br>francesco.valentini@usdoj.gov | /s/ *Ubong E. Akpan*<br>UBONG E. AKPAN<br>Assistant Federal Public Defender<br>Office of the Federal Public Defender<br>  for the District of Columbia<br>625 Indiana Avenue, N.W.<br>Washington, D.C. 20004<br>Ubong_Akpan@fd.org<br><br>*Counsel for Defendant* |