UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>JAMES ALLEN MELS,<br><br>Defendant. | Criminal Case No. 21-184 (BAH)<br><br>Chief Judge Beryl A. Howell |

**MEMORANDUM AND ORDER**

Defendant James Allen Mels faces trial on August 1, 2022, on four misdemeanor charges stemming from his alleged conduct at the U.S. Capitol on January 6, 2021. The government has moved to preclude defendant from pursuing a trio of hypothesized lines of defense that the government contends would be improper. Gov't's Mot. *in Limine* Preclude Improper Def. Args. and Evid. About Law Enf't ("Gov't's Mot."), ECF No. 46. For the reasons discussed below, the motion is granted.

**I.     DISCUSSION**

The government "requests that the Court issue an order precluding the defendant" from: "(1) arguing any entrapment by estoppel defense related to law enforcement; (2) offering evidence or argument concerning any claim that by allegedly failing to act, law enforcement made the defendant's entry into the United States Capitol building or grounds or his conduct therein lawful; or (3) arguing or presenting evidence of alleged inaction by law enforcement unless the defendant specifically observed or was otherwise aware of such conduct." *Id.* at 1. Defendant responds that, as to the first two parts of the government's motion, he "does not intend to claim entrapment by estoppel nor does he intend to argue that law enforcement gave him lawful authority to enter and remain in the building." Def.'s Resp. Gov't's Mot. *In Limine*

1

Preclude Improper Def. Args. and Evid. About Law Enf't ("Def.'s Opp'n") at 1–2, ECF No. 49. [1] Thus, those parts of the government's motion may be promptly granted and defendant is precluded from asserting an entrapment by estoppel defense or arguing that law enforcement, by failing to act or censure his conduct, somehow made any of his otherwise allegedly unlawful conduct lawful.

Defendant resists only the third part of the government's motion to preclude him from presenting evidence or argument about alleged inaction by law enforcement officers, except to the extent that defendant observed or was otherwise actually aware of such inaction. *See* Gov't's Mot. at 4. According to defendant, "any evidence that relates to [his] subjective intent—that is, whether he knew he did not have lawful authority to enter and whether he specifically intended to disrupt government business—is relevant and admissible at trial." Def.'s Opp'n at 2. The government concedes as much, noting that "[e]vidence of law enforcement inaction may be relevant to one issue – the defendant's state of mind at the time of the offense." Gov't's Reply Supp. Mot. *In Limine* Preclude Improper Def. Args. and Evid. at 2 ("Gov't's Reply"), ECF No. 57. As a logical matter, however, any action or inaction of which defendant was not aware

---

[1]  Defendant's response was a wise choice. Defendant is entirely unable to establish the elements of an estoppel defense to avoid criminal liability, since not even the President of the United States may unilaterally abrogate statutory law, let alone government actors in less powerful offices, such as law enforcement officers protecting the U.S. Capitol Building. *See United States v. Chrestman*, 525 F. Supp. 3d 14, 31 (D.D.C. 2021) (enumerating as elements to prove an entrapment by estoppel defense, that "a defendant criminally prosecuted for an offense must prove (1) that a government agent actively misled him about the state of the law defining the offense; (2) that the government agent was responsible for interpreting, administering, or enforcing the law defining the offense; (3) that the defendant actually relied on the agent's misleading pronouncement in committing the offense; and (4) that the defendant's reliance was reasonable in light of the identity of the agent, the point of law misrepresented, and the substance of the misrepresentation." (quoting *United States v. Cox*, 906 F.3d 1170, 1191 (10th Cir. 2018)).
  Likewise, settled caselaw makes clear that law officer inaction—whatever the reason for the inaction—cannot sanction unlawful conduct. *See Cox v. Louisiana*, 379 U.S. 559, 568–70 (1965); *United States v. Gutierrez-Gonzalez*, 184 F.3d 1160, 1168–69 (10th Cir. 1999) (holding that defendant's belief about being legally in the United States was not reasonable despite an INS clerk failing to arrest defendant "on the spot" when he illegally re-entered the country); *Garcia v. Does*, 779 F.3d 84, 95 (2d Cir. 2015) (en banc) (declining to extend the entrapment-by-estoppel defense to a case that, like *Cox v. Louisiana*, involved the location and movements of protestors who argued that their prosecuted conduct had been implicitly approved by the police, but could not show that it was "affirmatively authorized" by the police).

cannot possibly have had any effect on his state-of-mind and is inadmissible as irrelevant under Federal Rule of Evidence 401.

While defendant certainly has "the right to introduce evidence as to his intent," Def.'s Opp'n at 3, evidence of law enforcement inaction is admissible only if defendant can establish his awareness of the alleged inaction by officers—which he can do in any number of ways, such as a good faith proffer outside the presence of the jury, *see* Gov't's Reply at 2, or using other evidence to show that defendant was sufficiently nearby the alleged inaction at the correct time to have perceived and understood such inaction as implicitly endorsing his decision to enter the Capitol.  Short of that, defendant cannot present a defense to avoid criminal liability for otherwise unlawful conduct due to inaction by law enforcement officers at the Capitol.

**II.  ORDER**

For the foregoing reasons, it is hereby

**ORDERED** that the government's Motion *in Limine* to Preclude Improper Defense Arguments and Evidence About Law Enforcement, ECF No. 46, is **GRANTED.**

**SO ORDERED.**

Date: July 21, 2022

_____
BERYL A. HOWELL
Chief Judge